IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03835-SBP

JANET GUZMAN,
YODIT YEMANE a/k/a JODIE JOE,
ANDRA CHERI a/k/a ANA CHERI,
STEPHANIE RAO,
ASHLEY ILENE,
GALLIENNE NABILA,
CHRISTEN HARPER,
IESHA MARIE CRESPO and
LEANNA BARTLETT
Plaintiffs,
v.

LIME CHAMPA, LLC d/b/a LIME CHAMPA a/k/a LIME NIGHTCLUB; and
DOES 1-10,
Defendants.

---

**DEFENDANT LIME CHAMPA, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

---

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e), Defendant Lime Champa, LLC ("Lime Champa") respectfully moves this Court to dismiss the Complaint filed by Plaintiffs Janet Guzman ("Guzman"), Yodit Yemane ("Yemane"), Andra Cheri ("Cheri"), Stephanie Rao ("Rao"), Ashley Ilene ("Ilene"), Gallienne Nabila ("Nabila"), Christen Harper ("Harper"), Iesha Marie Crespo ("Crespo"), and Leanna Bartlett ("Bartlett") (collectively, "Plaintiffs") or, in the alternative, to order Plaintiffs to provide a more definite statement and, in support, states as follows:

**<u>Certification of Conferral Pursuant to D.C.COLO.LCivR 7.1(a)</u>**

Undersigned counsel conferred with Plaintiffs' counsel regarding the relief sought in this Motion. Plaintiffs oppose the requested relief.

## INTRODUCTION

Plaintiffs claim to be California residents and models with followers on social media platforms whose images *may have been* altered and used by Lime Champa in a social media post on Facebook or Instagram. ECF No. 1. Plaintiffs claim to have been damaged by Lime Champa's *possible* use of Plaintiffs' images to advertise its locally owned and operated nightclub in downtown Denver.

As set forth below, the claims by Plaintiffs Crespo, Bartlett, and Rao fail in their entirety as they were not used by Lime Champa and are also barred by the applicable limitations period.

The claims asserted by the remaining Plaintiffs also fail because they were not pleaded plausibly or with particularity. The *nine* Plaintiffs' reliance on group pleading and their collective failure to meet the requisite pleading standards is fatal to their claims, which must be dismissed with prejudice.

## STANDARD OF REVIEW

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A claim is subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(6) if it fails to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a motion to dismiss, the complaint must contain sufficient allegations of fact "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (citation omitted). "A pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citation omitted). "[A] complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). The Court must assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. *Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1201 (10th Cir. 2003). If the well-pled allegations do not establish plausibility, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

Where, as here, Plaintiffs allege that Lime Champa's conduct was intentional and knowing, the heightened pleading standard under Rule 9(b) applies, requiring that *each* of the Plaintiffs "plead their allegations of falsity with particularity." *ReportHost LLC v. Spectora Inc.*, No. 24-CV-01813-PAB-SBP, 2025 WL 2662958, at *8 (D. Colo. Sept. 17, 2025) (citations omitted). As set forth below, none of the nine Plaintiffs has plausibly pleaded their claims for relief, much less with the requisite particularly, and each of Plaintiffs' claims should be dismissed.

**B. Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e).**

Should the Court decline to dismiss the Complaint, it may still require a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

## ARGUMENT

**A. The Claims of Crespo, Bartlett, and Rao.**

**1. Plaintiffs' Claims Based on Images for Lime an American cantina Fail.**

Plaintiffs cannot plausibly plead claims against Lime Champa based on alleged images of Plaintiffs advertising for Lime an American cantina, a wholly different entity.

Defendant Lime Champa, LLC d/b/a Lime Nightclub was formed on September 29, 2023 and is located at 1600 Champa St. *See* Articles of Organization,[1] attached as **Exhibit 1;** *accord* SOS Summary for Lime Nightclub, attached as **Exhibit 2**. Lime an American cantina, which was located at 500 16th St. Mall, is *not* a trade name for Lime Champa; it was the trade name for an entirely different entity. *See* SOS Summary for Lime an American cantina, attached as **Exhibit 3**. To the extent that Plaintiffs' claims against Lime Champa are based on (i) images advertising Lime an American cantina; or (ii) images posted on social media prior to Lime Champa's formation on September 29, 2023, they fail as a matter of law and must be dismissed with prejudice.

The claims of Plaintiffs Crespo, Bartlett, and Rao are based solely on images advertising for Lime an American cantina, *not* Lime Champa. *See* Summary of Alleged Images of Plaintiff Crespo, attached as **Exhibit 4**, Bartlett, attached as **Exhibit 5**, and Rao, attached as **Exhibit 6**. The claims of Crespo, Bartlett, and Rao each fail in their entirety because none of the images on which their respective claims are based even purports to be advertising for Lime Champa. *See id.* As such, they must be dismissed with prejudice.

**2. Claims Barred by the Applicable Limitations Period.**

**Crespo.** Each of Crespo's claims is based on allegations of a single Facebook post by non-

[1] This Court may take judicial notice of its own files and records as well as matters of public record and consider such facts in a Rule 12(b)(6) motion without converting a motion to dismiss into a motion for summary judgment. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

party "2 Slikk" on March 5, 2020, more than 3 years *before* Lime Champa was even formed. ECF No. 1-1, p 60; **Ex. 1**. Even if Crespo's claims were based on an alleged image advertising for Lime Champa (they are not) they would still fail because each claim is based on a single alleged image posted on March 5, 2020. ECF No. 1-1, p 60; **Ex. 4**. Crespo's claims are therefore barred by the applicable two year limitations period and should be dismissed with prejudice. *See* C.R.S. § 13-80-102(a) (limitations period for tort actions, including negligence) and (g) (all actions upon liability created by a federal statute for which no limitations period is provided).

**Bartlett.** Even if Bartlett's claims were based on an alleged image for Lime Champa (they are not), the image was posted on Facebook on October 19 and 24, 2023, more than two years before this action was filed. **Ex. 5**. Bartlett's claims are therefore also barred by the applicable limitations period and should be dismissed with prejudice. *Id*.

**Rao.** Like Bartlett and Crespo, if the alleged images of Rao advertised for Lime Champa (they do not) her claims would still be barred by the applicable limitations period. The single alleged image of Rao posted *after* the September 29, 2023 formation of Lime Champa on September 29, 2023, was posted on Facebook on November 16 and 18, 2023 by Lime an American cantina, more than two years before the Complaint was filed and is also barred by the applicable limitations period and should be dismissed with prejudice. ECF No. 1-1, pp 39-40; **Ex. 6**; C.R.S. § 13-80-102(a) and (g).

**B. Plaintiffs Cannot State a Claim Under the Lanham Act.**

**1. Elements of False Association, 15 U.S.C. § 1125(a)(1)(A).**

To state a claim for false association under the Lanham Act, 15 U.S.C., § 1125(a)(1)(A), *each* of the nine Plaintiffs must allege with particularity that (1) Lime Champa "made a false or misleading description of fact or representation of fact in a commercial advertisement about its own or another's product;" (2) Lime Champa's "misrepresentation was material, in that it was likely to influence the purchasing decision;" (3) Lime Champa's "misrepresentation actually deceived or had the tendency to deceive a substantial segment of its audience;" (4) Lime Champa "placed the false or misleading statement in interstate commerce;" and (5) *each of the nine* Plaintiffs "has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products." *Bimbo Bakeries USA, Inc. v. Sycamore*, 29 F.4th 630, 643-44 (10th Cir. 2022) (internal quotations, alterations, and citations omitted). They have not.

**2. Elements of False Advertising, 15 U.S.C. § 1125(a)(1)(B).**

To plausibly plead a claim for false advertising under the Lanham Act, 15 U.S.C., § 1125(a)(1)(B), *each* of the nine Plaintiffs must plead with particularity that (1) Lime Champa "made a false or misleading description of fact or representation of fact in a commercial advertisement about its own or another's product;" (2) Lime Champa's "misrepresentation was material, in that it was likely to influence the purchasing decision;" (3) Lime Champa's "misrepresentation actually deceived or had the tendency to deceive a substantial segment of its audience;" (4) Lime Champa "placed the false or misleading statement in interstate commerce;" and (5) *each* Plaintiff "has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products." *In re*

*HomeAdvisor, Inc. Litig.*, No. 16-CV-01849-PAB-KAS, 2024 WL 4187099, at *11 (D. Colo. Sept. 13, 2024) (citations omitted). Again, they have not.

**3. The Claims of Yemane, Cheri, Ilene, Nabila, Guzman, and Harper.**[2]

**Yemane.** Yemane's claims against Lime Champa are based on a single image of an unidentified woman pulling down sunglasses (the other two alleged images of Yemane are images for Lime an American cantina). *See* Summary of Alleged Images of Yemane, attached as **Exhibit 7**; *accord* ECF No. 1-1, p 21. Notably, Yemane is not even certain that the alleged image is of her, pleading "upon information and belief" that she "is depicted in the photo in Exhibit 'B'" to the Complaint. ECF No. 1, ¶ 32. But Exhibit B contains three photos of multiple men and women without specifying which individual Yemane is alleged to be. **Ex. 7**; *accord* ECF No. 1-1, pp 21-25. The lone image alleged to be of Yemane pertaining to Lime Champa advertises Black Label Don Julio for sale for $200 and received zero likes on Facebook. ECF No. 1-1, p 21. It is inconceivable how Yemane could be falsely associated with or falsely advertising anything when even she is not sure the image is of her, no one liked the post of the image on social media, there is no indication that the image influenced any decisions by or otherwise deceived anyone, there is no basis for any confusion, and Yemane has not pleaded any damages or injury which she, specifically, sustained. *See Sycamore* and *HomeAdvisor, supra.* Yemane has not plausibly pleaded

[2] As set forth above, each of the claims of Crespo, Bartlett, and Rao fails as a matter of law as the alleged images of each of them advertise for Lime an American cantina, *not* Lime Champa. As such, these Plaintiffs have not and cannot plausibly plead any of the elements of the claims alleged against Lime Champa and their claims should be dismissed with prejudice.

claims under the Lanham Act for false association or false advertisement – much less pleaded them with the requisite particularity – and the claims against her should be dismissed with prejudice.

**Cheri.** Similarly, Cheri's claims are based on a single image of three unidentified women posted on Facebook on October 20 and 25, 2024, and on Instagram on October 25, 2024. ECF No. 1-1, pp 27-29; *accord* Summary of Alleged Images of Plaintiff Cheri, attached as **Exhibit 8**. Like Yemane, the Complaint pleads "[u]pon information and belief" that Cheri is one of the three individuals in the image but does not identify which of the three women she purports to be. ECF No. 1, ¶ 35. The image, labeled "halloweekend" and "Ladies Night" depicts three scantily clad women in costume and advertises, in Spanish, no cover charge for women until 11 p.m. ECF No. 1-1, pp 27-29. The image of Cheri garnered a total of 18 likes on Facebook in three separate posts over a five day period. **Ex. 8**. Even assuming that one of the three unidentified women is Cheri for the purposes of this Motion, she has not pleaded – plausibly or with particularity – that the image deceived anyone, influenced any decisions regarding Lime Champa, caused confusion or damage, or otherwise met any of the elements necessary to establish claims under the Lanham Act for false association or false advertisement. *See Sycamore* and *HomeAdvisor, supra*. Cheri's claims should be dismissed with prejudice.

**Ilene.** Ilene's claims against Lime Champa are based on a single image of two unidentified women and an unidentified man advertising Ladies Night at Lime Champa, on which ladies get in free, and which was posted to Facebook and Instagram in early September 2024. *See* Summary of Alleged Images of Plaintiff Ilene, attached as **Exhibit 9**. Like the other Plaintiffs, Ilene pleaded that the image is of her "[u]pon information and belief." ECF No. 1, ¶ 41. And, like the other

Plaintiffs, Ilene failed to plead plausibly or with the requisite particularity any of the requisite elements for her claims under the Lanham Act to survive this Motion. Ilene's claims should be dismissed with prejudice.

**Nabila.** Nabila's claims against Lime Champa are based on the same single image of two unidentified women and an unidentified man advertising Ladies Night for Lime Champa as Nabila. *See* Summary of Alleged Images of Plaintiff Nabila, attached as **Exhibit 10**. Plaintiffs do not plead – plausibly or with particularity – which of the three unidentified individuals is allegedly Nabila. Indeed, the fact that Nabila is even one of the three unidentified individuals in the image is pleaded "[u]pon information and belief." ECF No. 1, ¶ 44. Like the others, Nabila relies on group pleading and has not plausibly or particularly pleaded her claims or any facts that the image deceived anyone, influenced any decisions regarding Lime Champa, caused confusion or damage, or otherwise met any of the elements necessary to establish claims under the Lanham Act for false association or false advertisement. *See Sycamore* and *HomeAdvisor, supra*. Nabila's claims should be dismissed with prejudice.

**Guzman.** Guzman's claims against Lime Champa are based on three images posted on Instagram and Facebook in December 2024, January 2025, and July 2025. *See* Summary of Alleged Images of Plaintiff Guzman, attached as **Exhibit 11**. Each of the three images depicts two unidentified women. ECF No. 1-1, pp 2-9. Guzman has not pleaded which individual she claims to be, nor can she, as she has pleaded that the images are of her "[u]pon information and belief" and has not and cannot plead plausibly or with particularity even plead that she is in any of the images. ECF No. 1, ¶ 29. Guzman has not and cannot plead any injury particular to her or at all

and her claims under the Lanham Act should be dismissed with prejudice.

**Harper.** Like the other Plaintiffs, the sole alleged image of Harper is pleaded as such "[u]pon information and belief." ECF No. 1, ¶ 47. Harper does not plead which of the two unidentified women in the image she claims to be in the image advertising a "New Year's Warmup" with a $10 cover charge. ECF No. 1-1, pp 56-58; *accord* Summary of Alleged Images of Plaintiff Harper, attached as **Exhibit 12**. Harper has not pleaded any of the requisite elements for her claims for false association and false advertisement with particularity and her claims should be dismissed with prejudice.

**C. Plaintiffs Cannot State a Claim for Common Law Misappropriation of Likenesses.**

For their claims for common law misappropriation of likeness, *each* of the *nine* Plaintiffs must plead that (i) Lime Champa used each Plaintiff's name or likeness; (ii) for its own purposes or benefit, commercially or otherwise; (iii) each of the Plaintiffs suffered damages specific to them; and (iv) Lime Champa caused the specific damages incurred by each Plaintiff. *Joe Dickerson & Assocs., L.L.C. v. Dittmar,* 34 P.3d 995, 997 (Colo. 2001).

As set forth above, it is indisputable that Plaintiffs have not and cannot plead that Lime Champa used the alleged images of Crespo, Bartlett, and Rao and their claims fail as a matter of law.

None of the remaining Plaintiffs have plausibly pleaded that it is their likeness in the alleged images depicting multiple unidentified individuals. ECF No. 1. Nor have they plausibly pleaded that any of the alleged images of these six Plaintiffs provided a benefit to Lime Champa. Indeed, the social media posts in which the alleged images were used garnered minimal attention.

*See, e.g.,* **Exs. 5-12**. Nor have these Plaintiffs plausibly pleaded damages from the barely seen social media posts allegedly containing their images. Plaintiffs generally plead that the alleged images of them were altered, but fail to identify how any of the images were altered, or even identify the original image they claim was altered. No Plaintiff has plausibly – much less specifically or with particularity - pleaded how the use of any of the images by Lime Champa actually damaged any of them. Nor could they. Indeed, none of the Plaintiffs can even plausibly plead that they are even depicted in any of the images. ECF No. 1. Plaintiffs' claims for misappropriation of likeness should be dismissed with prejudice.

**D. Plaintiffs Cannot State a Claim for Negligence and Respondeat Superior.**

To state a claim for negligence against Lime Champa, *each* of the *nine* Plaintiffs must plausibly plead that (1) Lime Champa owed *that particular Plaintiff* a legal duty of care; (2) Lime Champa breached that duty; (3) *each specific* Plaintiff was injured; and (4) Lime Champa's breach of such duty to *each* Plaintiff caused *that* Plaintiff's injury. *Hickey v. Nat'l Ass'n of Letter Carriers*, No. 1:20-CV-00358-STV, 2021 WL 2389904, at *5 (D. Colo. May 21, 2021), *aff'd sub nom. Hickey v. Nat'l Ass'n of Letter Carriers, AFL-CIO*, No. 21-1213, 2022 WL 3584190 (10th Cir. Aug. 22, 2022) (citation omitted). They have not and cannot.

**1. No Plaintiff Has Plausibly Pleaded A Duty By Lime Champa.**

"A negligence claim fails where the law does not impose a duty on the defendant to act for the plaintiff's benefit." *Id.* (citation omitted). "Whether a defendant in a particular negligence action owes a legal duty to the plaintiff is not a question of fact but is a question of law to be determined by the Court." *Id.* (*citing id.* at 448). "Courts consider a number of factors to determine

whether a duty exists, including: the risk involved, the foreseeability of the injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against injury or harm, and the consequences of placing the burden on the actor." *Id.*

Lime Champa does not and did not have a duty to act for the benefit of the Plaintiffs, collectively, or any Plaintiff in particular. Their claim for negligence fails as a matter of law.

**2. No Plaintiff Has Plausibly Pleaded Damage By Lime Champa.**

A negligence claim under Colorado law requires that the Plaintiffs suffer "actual loss or damage" and such a claim is not actionable "unless it results in physical damage to persons or property." *Doe v. Conceptions Reprod. Assocs., Inc.*, No. 25-CV-00009-NYW-CYC, 2026 WL 1145600, at *4 (D. Colo. Apr. 28, 2026) (citations omitted). Moreover, Plaintiff must allege that "but for the alleged negligence, the harm would not have occurred." *Id.* at *6 (*quoting Deines v. Atlas Energy Servs. LLC*, 484 P.3d 798, 801 (Colo. App. 2021)). And, the Plaintiffs must plausibly allege that "the negligence was a 'substantial factor' in producing the harm." *Id.* (citation omitted). They have not. No Plaintiff has or can plead specific physical damage to person or property arising from Lime Champa's alleged use of any of the alleged images. Indeed, no Plaintiff can even plead that they are in the images, much less that they were harmed by the alleged use of any of them. Plaintiffs' claim for negligence fails as a matter of law.

**3. No Plaintiff Can Plausibly Plead a Claim based on Respondeat Superior.**

Under the doctrine of respondeat superior, an employer is liable for the torts of an employee acting within the scope of employment where the employee's conduct was motivated by an intent to serve the employer's interests and connected to acts the employee was authorized to perform.

*Stokes v. Denver Newspaper Agency, LLP*, 159 P.3d 691, 693 (Colo. App. 2006) (citation omitted). "The primary purpose behind the common law doctrine of respondeat superior is to make employers liable to third parties for the negligence of employees serving their employers' business." *Id.* Plaintiffs do not plausibly allege that Lime Champa employees negligently used Plaintiffs' images during the course and scope of their employment or otherwise. Rather, they claim that Lime Champa had a duty to establish policies to prevent Lime Champa employees from using images of Plaintiffs. ECF No. 1, pp 19-20. But Plaintiffs do not allege that any Lime Champa employee used any of the images negligently or at all relying instead on the broad group pleading that permeates the Complaint. *Id.* Plaintiffs' claim for negligence and respondeat superior fails as a matter of law.

Wherefore, for the reasons set forth above, Defendant Lime Champa, LLC respectfully requests this Court to dismiss each of the claims of each of the nine Plaintiffs with prejudice, award Defendant the costs and attorney fees it has incurred in defending this action as permitted by C.R.S. §§ 13-17-201, 13-17-102, and 13-16-113, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 8th day of June, 2026.

BUCHALTER LLP

*s/ Cara Thornton*
Cara Thornton, CO Bar #34141
1099 18th Street, Suite 1900
Denver, CO 80202
(303) 927-3034

cthornton@buchalter.com
*Attorney for Defendant Lime Champa*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2026, that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Suzanne M. Neel*
Buchalter LLP