**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03835-SBP

JANET GUZMAN, YODIT YEMANE a/k/a JODIE JOE, ANDRA CHERI a/k/a ANA CHERI, STEPHANIE RAO, ASHLEY ILENE, GALLIENNE NABILA, CHRISTEN HARPER, IESHA MARIE CRESPO, and LEANNA BARTLETT,

Plaintiffs,

v.

LIME CHAMPA, LLC d/b/a LIME CHAMPA a/k/a LIME NIGHTCLUB; and DOES 1-10,

Defendants.

---

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

---

## INTRODUCTION

Defendant Lime Champa, LLC's Motion to Dismiss (ECF No. 12) misstates the applicable legal standards, relies on factual disputes and extrinsic materials that are inappropriate for resolution at the pleading stage, and improperly asks the Court to accept Defendant's version of disputed facts over Plaintiffs' well-pleaded allegations. The Complaint plausibly alleges—and the exhibits attached thereto corroborate—that Defendant misappropriated photographs of well-known professional models, altered those photographs to suggest endorsement of its nightclub, and published those advertisements on its social media platforms without authorization, consent, or compensation. These allegations are more than sufficient to state plausible claims for relief under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Defendant's principal arguments fall into three categories: (1) certain images allegedly advertised a different entity, Lime an American Cantina, rather than Lime Champa; (2) certain individual Plaintiffs' claims are purportedly time-barred; and (3) Plaintiffs' allegations are insufficiently particular. None of these arguments warrants dismissal, let alone dismissal with prejudice. Rather, Defendant repeatedly asks this Court to resolve factual disputes concerning ownership of social media accounts, the identity of the business entities being advertised, publication dates, and whether particular images depict particular Plaintiffs—issues that are properly reserved for discovery and ultimately the trier of fact. Moreover, numerous alleged unauthorized publications occurred in 2024 and 2025, defeating any assertion that Plaintiffs' claims are categorically time-barred. Defendant's statute of limitations arguments, even if accepted, would not support dismissal of the Complaint in its entirety.

Finally, even if the Court were to identify any pleading deficiencies, Plaintiffs are entitled to leave to amend pursuant to Federal Rule of Civil Procedure 15(a). Defendant's request for attorneys' fees is premature and unsupported because no finding has been made that Plaintiffs' claims are frivolous, groundless, or vexatious.

## <u>LEGAL STANDARD</u>

A Rule 12(b)(6) motion tests only the legal sufficiency of the complaint. At this stage, the Court does not weigh evidence or resolve factual disputes; rather, it accepts all well-pleaded factual allegations as true and determines whether they plausibly state a claim for relief. *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003).

To survive a motion to dismiss, a complaint need only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556

U.S. at 678 (internal quotation omitted). A claim is plausible when the plaintiff pleads factual content sufficient to allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id*. The plausibility standard, however, "is not akin to a 'probability requirement,'" and a plaintiff is not required to plead detailed evidentiary facts before discovery has occurred. *Id*. (quoting *Twombly*, 550 U.S. at 555).

Defendant incorrectly invokes Rule 9(b)'s heightened pleading standard merely because Plaintiffs allege intentional conduct. This argument overstates the law. Rule 9(b) does not automatically apply to Lanham Act claims. Rather, courts in this District have recognized that Rule 9(b) applies only to the extent a claim is premised on allegations sounding in fraud or a unified course of fraudulent conduct. See *Cocona, Inc. v. Singtex Indus. Co*., No. 14-cv-01593-MJW, 2014 WL 4954644, at *6–7 (D. Colo. Oct. 9, 2014) (adopting the approach set forth in *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003)).

Plaintiffs do not assert fraud claims. Rather, Plaintiffs assert claims for false association, false advertising, misappropriation of likeness, and negligence arising from Defendant's unauthorized commercial use of Plaintiffs' identities. The mere allegation that Defendant acted knowingly or intentionally does not transform these causes of action into fraud claims. See Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

To the extent Rule 9(b) applies to any aspect of Plaintiffs' Lanham Act claims, the Complaint nevertheless satisfies that standard. The Complaint identifies each Plaintiff, the relevant social media platforms, the corresponding exhibits, the nature of Defendant's

unauthorized use, and Defendant's alleged intentional conduct. Accordingly, Defendant's Rule 9(b) arguments lack merit.

## ARGUMENT

### I. DEFENDANT'S FACTUAL AND STATUTE OF LIMITATIONS ARGUMENTS DO NOT WARRANT DISMISSAL.

#### A. Whether the Images Depict Advertising for "Lime an American Cantina" Versus "Lime Champa" Presents a Factual Dispute Not Resolvable at the Pleading Stage.

Defendant asks this Court to dismiss the claims of Plaintiffs Crespo, Bartlett, and Rao based materials outside the four corners of the Complaint, including Colorado Secretary of State records and summaries prepared by Defendant's own counsel that purport to characterize the social media images at issue as advertising for a different entity. See Def's Mot. at 4–6, Exs. 3–6. The Court may not consider such materials on a 12(b)(6) motion without converting the motion into one for summary judgment and providing all parties the opportunity to present pertinent evidence. *Fed. R. Civ. P. 12(d)*; *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (courts may take judicial notice of public records for their existence, but not for disputed facts contained therein).

The Complaint alleges that Defendant owned, operated, and controlled the social media accounts that published Plaintiffs' misappropriated images. Compl. ¶¶ 56–59. The Complaint further attaches the relevant images as exhibits. Compl. ¶¶ 29, 32, 35, 38, 41, 44, 47, 50, 53 ; Exs. A-I. Whether those images advertised Lime Champa or a different entity cannot be resolved based on Defendant's factual assertions and materials outside the pleadings. Defendant repeatedly asks this Court to accept its version of disputed facts over Plaintiffs' well-pleaded allegations. Respectfully, the Court may not do so on a Rule 12(b)(6) motion. *See Fuller v. Norton*, 86 F.3d 1016, 1020 (10th Cir. 1996) (courts

evaluating a Rule 12(b)(6) motion must accept well-pleaded allegations as true and construe them in the light most favorable to the plaintiff).

Indeed, Defendant's own exhibits underscore the existence of a factual dispute. The challenged advertisements were published through a "Lime Denver" social media account. The Lime Denver account identifies an address of 1600 Champa Street—the same address Defendant identifies as its location (See e.g. Exhibit D, H, I). Defendant nevertheless asks the Court to conclude that the posts are attributable solely to a different entity because certain advertisements referenced "Lime an American Cantina" or displayed the 500 16th Street Mall address. At a minimum, those facts raise factual questions concerning the ownership, operation, and control of the relevant social media accounts and the relationship between the various Lime-branded businesses. Such questions cannot be resolved on a Rule 12(b)(6) motion.

**B. Defendant's Statute of Limitations Argument Does Not Warrant Dismissal.**

Defendant argues that the claims of Plaintiffs Crespo, Bartlett, and Rao are barred by Colorado's two-year statute of limitations. This argument fails for multiple independent reasons. A statute of limitations is an affirmative defense, and dismissal under Rule 12(b)(6) is appropriate only when the complaint itself establishes all of the elements of the defense. *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018). The Complaint does not do so here. To the contrary, it alleges numerous unauthorized publications occurring *within* two years of the filing of the Complaint on November 25, 2025, including publications occurring on July 30, 2025 (Guzman, Ex. A); September 19, 2025 (Yemane, Ex. B); March 23, 2024 (Guzman, Ex. A; Yemane, Ex. B); March 21, 2024 (Guzman, Ex. A; Yemane, Ex. B); January 24, 2025 (Guzman, Ex. A); January 22, 2025

(Guzman, Ex. A); December 28, 2024 (Guzman, Ex. A; Harper, Ex. G); December 27, 2024 (Guzman, Ex. A; Harper, Ex. G); October 25, 2024 (Cheri, Ex. C); October 20, 2024 (Cheri, Ex. C); September 6, 2024 (Ilene, Ex. E; Nabila, Ex. F); September 4, 2024 (Ilene, Ex. E; Nabila, Ex. F); and September 3, 2024 (Ilene, Ex. E; Nabila, Ex. F). At a minimum, those allegations preclude any determination on the face of the Complaint that Plaintiffs' claims are categorically time-barred.

Defendant's limitations argument is also independently defective because it invokes the wrong Colorado statute. The District of Colorado has squarely held that neither C.R.S. § 13-80-102(a) nor § 13-80-102(g) — the precise provisions Defendant relies upon — governs claims brought under § 43(a) of the Lanham Act. *Full Draw Prods. v. Easton Sports, Inc.*, 85 F. Supp. 2d 1001, 1010 (D. Colo. 2000). Instead, Colorado's three-year statute of limitations for fraud, misrepresentation, concealment, and deceit under C.R.S. § 13-80-101(1)(c) provides the analogous limitations period for Lanham Act claims. *Id.* Because the Complaint was filed on November 25, 2025, the analogous three-year period reaches back to November 25, 2022 — not November 25, 2023 as Defendant contends. Defendant’s reliance on a two-year limitations period is therefore misplaced with respect to Plaintiffs' Lanham Act claims, and at a minimum cannot support dismissal of any Lanham Act claim based on publications occurring after November 25, 2022.

Even where individual posts predate the applicable analogous limitations period, that does not end the inquiry. Because the Lanham Act contains no express statute of limitations, *see* 15 U.S.C. § 1125, federal courts do not apply state limitations periods as categorical bars to § 43(a) claims. *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836 (9th Cir. 2002); *Belmora LLC v. Bayer Consumer Care AG*, 987 F.3d 284,

293 (4th Cir. 2021). Instead, courts look to the analogous state period as a benchmark in evaluating the equitable defense of laches. *Jarrow Formulas*, 304 F.3d at 836–37; *Belmora*, 987 F.3d at 293–94 (holding state statute of limitations an "unsatisfactory vehicle for enforcement" of § 43(a) claims). Where a § 43(a) claim is filed within the analogous limitations period, "the strong presumption is that laches is inapplicable." *Jarrow Formulas*, 304 F.3d at 837. As set forth above, the correct analogous limitations period in Colorado for Lanham Act claims is three years under C.R.S. § 13-80-101(1)(c), not two years as Defendant contends. *Full Draw Prods.*, 85 F. Supp. 2d at 1010. For those posts falling within that three-year period, the presumption is that laches is inapplicable. *Jarrow Formulas*, 304 F.3d at 837.

For any posts that predate the three-year analogous period, laches is not a viable affirmative defense. Laches requires a defendant to demonstrate *both* unreasonable delay by the plaintiff and prejudice resulting from that delay. *Jarrow Formulas*, 304 F.3d at 838. The 10th Circuit has recognized this framework in the Lanham Act context, noting that "[i]n contrast to the Copyright Act, the Lanham Act contains no statute of limitations, and expressly provides for defensive use of laches," and reversing a grant of summary judgment on laches as to all claims falling within the analogous limitations period. *Yeager v. Fort Knox Sec. Prods.*, 602 F. App'x 423, 430–31 (10th Cir. 2015) (unpublished) (quoting *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 678 n.15 (2014)).

Notably, the delay in *Yeager* spanned approximately 24 years before laches was upheld — a period vastly longer than anything at issue here. *Id.* at 427. Whether Plaintiffs' delay — if any — was unreasonable depends on fact-specific inquiry into when each Plaintiff discovered or reasonably should have discovered Defendant's unauthorized use

of her image, a question that cannot be resolved from the face of the pleadings. Professional models whose images are misappropriated for use on a local nightclub's social media accounts cannot be presumed to have immediate knowledge of that misappropriation. When Plaintiffs discovered Defendant's unauthorized conduct, whether any delay in filing was reasonable under the circumstances, and whether Defendant suffered prejudice as a result of that timing are factual issues that cannot be resolved on a Rule 12(b)(6) motion.

Finally, Defendant's timeliness arguments depend on factual issues that cannot be resolved at this stage of the proceedings, including ownership and control of the social media accounts at issue, whether particular posts advertised Lime Champa or Lime an American Cantina, when any claim accrued, and when Plaintiffs discovered or reasonably should have discovered Defendant's unauthorized conduct. Because those issues cannot be determined from the face of the Complaint, Defendant has failed to establish that any Plaintiff's claims are barred as a matter of law.

## II. PLAINTIFFS HAVE PLAUSIBLY STATED CLAIMS UNDER THE LANHAM ACT.

### A. The Complaint Adequately Pleads False Association Under 15 U.S.C. § 1125(a)(1)(A).

To state a claim for false association under 15 U.S.C. § 1125(a)(1)(A), Plaintiffs must plausibly allege that Defendant's unauthorized use of their identities in commerce is likely to cause confusion as to Plaintiffs' affiliation, connection, sponsorship, or approval of Defendant's goods or services. See *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1007–08 (9th Cir. 2001). Courts have long recognized that celebrities and professional models may bring false endorsement claims under Section 43(a) when their identities are used without authorization. *Id.*; *Burck v. Mars, Inc.*, 571 F. Supp. 2d 446 (S.D.N.Y. 2008)

(denying motion to dismiss Lanham Act false endorsement claim based on the unauthorized use of plaintiff's identity in advertising).

The Complaint does exactly what the law requires. Each Plaintiff has pleaded: (1) she is a well-known professional model with a commercially valuable identity and significant social media following, see Compl. ¶¶ 28 (Guzman), 31 (Yemane), 34 (Cheri), 37 (Rao), 40 (Ilene), 43 (Nabila), 46 (Harper), 49 (Crespo), and 52 (Bartlett); (2) Defendant used her image on Defendant's Facebook and/or Instagram accounts, see Compl. ¶¶ 29 (Guzman), 32 (Yemane), 35 (Cheri), 38 (Rao), 41 (Ilene), 44 (Nabila), 47 (Harper), 50 (Crespo), and 53 (Bartlett); (3) those images were altered and incorporated into promotional materials for Lime Nightclub, see Compl. ¶¶ 23, 29 (Guzman), 32 (Yemane), 35 (Cheri), 38 (Rao), 41 (Ilene), 44 (Nabila), 47 (Harper), 50 (Crespo), and 53 (Bartlett); (4) Defendant's use falsely suggested that she was employed by, affiliated with, or endorsed Lime Nightclub, see Compl. ¶¶ 29 (Guzman), 32 (Yemane), 35 (Cheri), 38 (Rao), 41 (Ilene), 44 (Nabila), 47 (Harper), 50 (Crespo), and 53 (Bartlett); (5) no such affiliation, employment, or endorsement exists, see Compl. ¶¶ 24, 30 (Guzman), 33 (Yemane), 36 (Cheri), 39 (Rao), 42 (Ilene), 45 (Nabila), 48 (Harper), 51 (Crespo), and 54 (Bartlett); (6) Defendant acted without consent, authorization, or compensation, see Compl. ¶¶ 25-26, 30 (Guzman), 33 (Yemane), 36 (Cheri), 39 (Rao), 42 (Ilene), 45 (Nabila), 48 (Harper), 51 (Crespo), and 54 (Bartlett).

Accepting the allegations as true, the Complaint plausibly alleges that consumers could mistakenly believe Plaintiffs endorsed, sponsored, or were otherwise affiliated with Defendant's nightclub. Dismissal is therefore unwarranted.

### B. Defendant's Group Pleading and Particularity Arguments Fail.

Defendant's "group pleading" argument misconstrues both the Complaint and the applicable law. Plaintiffs have sued a single defendant and separately identify each Plaintiff, her professional background, the corresponding exhibit depicting her image, and the harm she allegedly suffered. Compl. ¶¶ 28–54. The Complaint therefore does not lump Plaintiffs together but instead provides individualized allegations as to each Plaintiff and her claims. The fact that multiple Plaintiffs assert similar claims arising from Defendant's common course of conduct is not a pleading defect. Rather, Plaintiffs are expressly permitted to join their claims where they arise out of the same series of transactions or occurrences and present common questions of law or fact. Fed. R. Civ. P. 20(a)(1).

Defendant likewise overstates any applicable particularity requirement. The Complaint identifies each Plaintiff, the social media platforms on which Defendant published the advertisements, the corresponding exhibits, the nature of Defendant's unauthorized use, and Defendant's alleged intentional conduct. See Compl. ¶¶ 21-54. Those allegations provide Defendant with fair notice of the claims asserted against it and the grounds upon which those claims rest.

### C. Defendant's Challenges to Plaintiffs' Identification In The Subject Images Is Incorrect.

Defendant argues that certain Plaintiffs allege "upon information and belief" that they are depicted in particular images and therefore fail to state plausible claims. That argument ignores the Complaint's specific allegations. The Complaint does not merely attach unidentified photographs and ask the Court to speculate as to the individuals depicted. Rather, *each Plaintiff specifically identifies herself as the individual depicted in*

*the corresponding exhibit*. See Compl. ¶¶ 29 (Guzman), 32 (Yemane), 35 (Cheri), 38 (Rao), 41 (Ilene), 44 (Nabila), 47 (Harper), 50 (Crespo), and 53 (Bartlett). The corresponding images are attached to the Complaint and incorporated by reference. Nevertheless, whether Defendant disputes those identifications presents a factual issue that cannot be resolved on a Rule 12(b)(6) motion.

Defendant also argues that certain social media posts received relatively few “likes” or other forms of engagement and therefore could not have caused cognizable harm. That argument likewise fails. The Lanham Act requires a likelihood of confusion, not proof of actual confusion or widespread consumer engagement. See 15 U.S.C. § 1125(a)(1)(A). Moreover, during the course of litigation, Plaintiffs will present expert testimony regarding consumer confusion and false association, further underscoring that Defendant's arguments concerning the number of "likes" or other engagement metrics raise factual issues that cannot be resolved on a Rule 12(b)(6) motion.

The Complaint alleges that Defendant used Plaintiffs' identities without authorization in commercial advertisements in a manner likely to cause confusion as to Plaintiffs' affiliation, connection, sponsorship, or approval of Defendant's nightclub. Compl. ¶¶ 23-26, 56-63, 68-74. Plaintiffs further allege injuries independent of social media engagement, including harm to their professional reputations, diminution of the commercial value of their identities, and lost licensing opportunities. Compl. ¶¶ 69-70, 119-121. Those allegations are sufficient to state a plausible claim for relief.

## III. PLAINTIFFS HAVE ADEQUATELY STATED CLAIMS FOR MISAPPROPRIATION OF LIKENESS UNDER COLORADO COMMON LAW.

Under Colorado common law, the elements of misappropriation of likeness are: (1) the defendant used the plaintiff's name or likeness; (2) for the defendant's own

commercial purposes or benefit; (3) the plaintiff suffered damages; and (4) the defendant's conduct caused those damages. *Joe Dickerson & Assocs., L.L.C. v. Dittmar*, 34 P.3d 995, 997 (Colo. 2001).

The Complaint plausibly alleges each element. Plaintiffs allege that Defendant used their images—photographs depicting their faces and bodies that are readily identifiable—on Defendant's social media accounts for the commercial purpose of promoting Lime Nightclub and attracting paying patrons. Compl. ¶¶ 109–121. Plaintiffs further allege that Defendant's unauthorized use caused both economic harm, including lost licensing fees, and reputational harm arising from the false association with a sexually charged nightclub. *Id*. ¶¶ 119–122.

Defendant also argues that Plaintiffs fail to identify the original photographs or explain precisely how Defendant altered the images. That argument imposes a pleading requirement that the elements of a Colorado misappropriation claim do not contain. Plaintiffs' claim is based on Defendant's unauthorized commercial use of their likenesses, not on the technical manner in which Defendant created or modified the advertisements. In any event, the Complaint alleges that Defendant incorporated Plaintiffs' photographs into promotional advertisements for Lime Nightclub—including advertisements for specific events, drink specials, and cover charges—in a manner that falsely implied Plaintiffs were employed by, affiliated with, or endorsed Defendant's nightclub. Compl. ¶¶ 29, 32, 35, 38, 41, 44, 47, 50, 53.

## IV. PLAINTIFFS HAVE ADEQUATELY STATED A CLAIM FOR NEGLIGENCE.

Defendant argues that Plaintiffs fail to state a negligence claim because no duty of care exists and because Plaintiffs have not alleged physical injury or property damage.

At this stage, however, Defendant's arguments ask the Court to resolve legal and factual issues that are more appropriately addressed after discovery.

Under Colorado law, a negligence claim requires a legal duty, breach of that duty, causation, and damages. *HealthONE v. Rodriguez ex rel. Rodriguez*, 50 P.3d 879, 888 (Colo. 2002). Plaintiffs have plausibly alleged each element. The Complaint alleges that Defendant selected, altered, and published Plaintiffs' images for commercial advertising purposes without authorization and failed to implement procedures to verify that it possessed the necessary rights to use Plaintiffs' images in promotional materials. Compl. ¶¶ 124–129. Plaintiffs further allege that Defendant's conduct caused economic and reputational harm, including lost licensing fees, lost business opportunities, and damage arising from the false association with Defendant's nightclub. *Id*. ¶¶ 119–122.

Defendant's argument regarding the absence of physical injury or property damage likewise does not warrant dismissal. Defendant cites no authority establishing that physical injury or property damage is an indispensable element of every negligence claim under Colorado law. Rather, whether Defendant owed Plaintiffs a duty of care under these circumstances and whether the damages alleged are recoverable are legal and factual issues that are more appropriately addressed on a developed record than on a Rule 12(b)(6) motion. Moreover, because Plaintiffs have independently pleaded viable Lanham Act and common law misappropriation claims, any perceived deficiency in the negligence allegations would not warrant dismissal of the action as a whole.

## V. DEFENDANT'S REQUEST FOR FEES AND COSTS SHOULD BE DENIED.

Defendant seeks attorneys' fees and costs under C.R.S. §§ 13-17-201, 13-17-102, and 13-16-113. These requests should be denied. An award of attorneys' fees under

C.R.S. § 13-17-102 requires a finding that a party asserted claims that were frivolous, groundless, or vexatious. No such finding is appropriate here. As set forth above, Plaintiffs have plausibly alleged viable claims under the Lanham Act and Colorado common law arising from Defendant's alleged unauthorized use of Plaintiffs' identities in commercial advertising.

Moreover, Defendant's request is premature. No discovery has occurred, no factual record has been developed, and the Court has not determined the merits of Plaintiffs' claims. Defendant has therefore failed to establish an entitlement to fees or costs under any of the cited statutes.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss in its entirety and deny Defendant's request for attorneys' fees and costs. In the alternative, should the Court determine that any claim or allegation requires additional specificity, Plaintiffs respectfully request leave to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Dismissal with prejudice would be inappropriate because Defendant has not demonstrated that amendment would be futile. See *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Dated: June 29, 2026

*/s/ Joseph N. Casas*
Joseph N. Casas
IL Bar No. 6274674
The Casas Law Firm, P.C.
Talent Rights Law®
401 North Michigan Avenue
Suite 1200
Chicago, Illinois 60611
joseph@talentrights.law
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 29th day of June 2026, the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filings to the undersigned filing user and registered users of record in the matter.

*/s/ Joseph N. Casas*
Joseph N. Casas