IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03835-SKC-SBP

JANET GUZMAN,
YODIT YEMANE a/k/a JODIE JOE,
ANDRA CHERI a/k/a ANA CHERI,
STEPHANIE RAO,
ASHLEY ILENE,
GALLIENNE NABILA,
CHRISTEN HARPER,
IESHA MARIE CRESPO and
LEANNA BARTLETT
Plaintiffs,
v.

LIME CHAMPA, LLC d/b/a LIME CHAMPA a/k/a LIME NIGHTCLUB; and
DOES 1-10,
Defendants.

---

**DEFENDANT LIME CHAMPA, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT [ECF NO. 12]**

---

Defendant Lime Champa, LLC ("Lime Champa") submits its reply in support of its Motion to Dismiss or, in the Alternative, for a More Definite Statement[1] [ECF No. 12] as follows:

[1] Plaintiffs failed to respond to Lime Champa's request for alternative relief for a more definite statement under Fed. R. Civ. P. 12(e) barring dismissal.

## INTRODUCTION

Plaintiffs are serial litigants who continue to file complaints substantively identical to the one at issue across the country and which, according to their counsel, number in the "thousands." Indeed, on June 30, 2026, several of the named Plaintiffs in this litigation filed two new lawsuits in this Court against two other local establishments with the sole material difference in the complaints being the parties. *See Alexa Collins, et al v. Mecca Sports Bar, LLC*, Civil Action No. 1:26-cv-2942 at ECF No. 1; *accord Andra Cheri Rose a/k/a Ana Cheri, et al v. The Oasis LLC d/b/a Oasis Night Club*, Civil Action No. 26-cv-2946 at ECF No. 1.

As set forth in its Motion [ECF No. 12] and below, Plaintiffs' "plug and play" Complaint does not state a plausible claim for relief by each of these nine Plaintiffs against Lime Champa and it should be dismissed with prejudice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

### A. Plaintiffs' Complaint Fails Under Fed. R. Civ. P. 8.

A pleader must "present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *See Mao, Inc. v. Penn Ent.,*

*Inc.*, No. 1:23-CV-02736-SKC-KAS, 2025 WL 1993702, at *3 (D. Colo. July 17, 2025) (*quoting T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543 n.14 (11th Cir. 1985)). Plaintiffs have not.

Plaintiffs' shotgun pleading style and incorporation of all preceding allegations for each of their four claims, similarly makes it impossible to "discern the precise contours of the individual claims," particularly where there are nine different Plaintiffs. *Id.* In addition to Lime Champa, Plaintiff names "DOES 1-10" as defendants in the caption but makes no further reference to them in the Complaint while still, confusingly, pleading against plural and undefined "Defendants." *See, e.g.* ECF No. 1, p. 1, ¶ 1 (defining Lime Champa as "Night Club" or "Lime Nightclub" but not as "Defendant."); *accord id.* at p. 3 (using "Defendants" as a header.); *id.* at ¶¶ 60, 75, 77, 103, 110 (pleading against "Defendants"). The Complaint attaches numerous images each depicting multiple individuals with general allegations that each of the Plaintiffs is depicted in at least one of them, but without specifically identifying the actual alleged image of such Plaintiff. ECF No. 1-1. Plaintiffs further allege that "Defendant used Plaintiffs' images, likenesses, and/or identities" but do not specifically plead which of these Lime Champa allegedly used on behalf of which Plaintiffs. ECF No. 1, ¶ 101.

The result is a morass of impermissible group pleading which makes "no distinction as to what acts are attributable to whom" and which does not meet the basic requirements of Fed. R. Civ. P. 8. The Complaint should be dismissed.

**B. Fed. R. Civ. P. 9(b) Applies.**

Plaintiffs misstate the holding in *Cocona, Inc. v. Singtex Indus. Co.*, No. 14-CV-01593-MJW, 2014 WL 5072730 (D. Colo. Oct. 9, 2014) (and miscite the case) claiming that they "do not assert fraud claims" and are not subject to Rule 9(b). ECF No. 15, p. 3. In *Cocona*, the Court held that "Rule 9(b) applies to false-advertising claims under the Lanham Act only insofar factual averments allege intentional or knowing misrepresentations" holding that "[s]uch averments must be pled with particularity." *Cocona*, *supra*, at *8.

Plaintiffs allege that Lime Champa's conduct was intentional and knowing.[2] Therefore, the heightened pleading standard under Rule 9(b) applies and *each* of the Plaintiffs must "plead their allegations of falsity with particularity." *ReportHost LLC*

---

[2] *See, e.g.*, ECF No. 1, ¶¶ 23, 29, 32, 35, 38, 41, 44, 47, 50, 53, 84, 92, 99 (alleging willful conduct), 116; *id*. at ¶ 110 ("Defendant used Plaintiffs' images, likenesses, and/or identities as described herein intentionally...to…create the false perception that Plaintiffs worked" for Defendant.); ¶ 101 "Defendant had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Plaintiffs of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Plaintiffs.").

*v. Spectora Inc.*, No. 24-CV-01813-PAB-SBP, 2025 WL 2662958, at *8 (D. Colo. Sept. 17, 2025) (citations omitted). They have not. The Complaint should be dismissed.

**C. The Applicable Limitations Periods.**

Notably, Plaintiffs argue that they "do not assert fraud claims" and their claims are not subject to the Rule 9(b) pleading standards *but that* "Colorado's three-year statute of limitations for fraud, misrepresentation, concealment, and deceit under C.R.S. § 13-80-101(1)(c) provides the analogous limitations period for Lanham Act claims." ECF No. 15, p. 6. Plaintiffs cannot have it both ways. Should this Court determine that the three year limitations period for claims sounding in fraud applies, then Plaintiffs' claims must necessarily be subject to Rule 9(b).

In *Full Draw Prods. v. Easton Sports, Inc.*, 85 F.Supp.2d 1001, 1010 (D. Colo. 2000), this Court held that the "most analogous" or "most appropriate" limitations period to an unfair competition claim under the Lanham Act was that for fraud and such a claim was therefore subject to the three year limitations period set forth in C.R.S. § 13-80-101(1)(c) as opposed to the two year limitations period set forth in C.R.S. § 13-80-102(1)(a) (tort actions) and C.R.S. § 13-80-102(1)(g) (all actions upon liability created by a federal statute for which no limitations period is provided). Notably, the claims in *Full Draw* were based on alleged misrepresentations in written advertising, not the alleged use of "Plaintiffs' images, likenesses, and/or identities" as here. ECF No. 1, ¶ 101.

It is indisputable that Plaintiffs' claims for misappropriation of likeness and negligence, which are based on facts identical to those underlying their Lanham Act claims are subject to a two year limitations period. C.R.S. § 13-80-102(1)(a); *accord Harper v. Biolife Health & Wellness, LLC*, No. 20-CV-1681-WJM-NRN, 2022 WL 4103295, at *4 (D. Colo. Sept. 8, 2022) (misappropriation of likeness). Based on the Court's finding in *Full Draw* that the "most analogous" and "most appropriate" limitations period should be applied to Lanham Act claims, under the facts alleged here (and Plaintiffs' claim they do not allege fraud), the two year limitations period for misappropriation of likeness, not the three year limitations period for fraud, should be applied to Plaintiffs' claims.

**D. Plaintiffs' Claims Based on Images Posted Prior to the Formation of Lime Champa Should be Barred.**

This Court can and should take judicial notice of the fact that Lime Champa *was not even formed* until September 29, 2023. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006) (The Court may take judicial notice of its own files and records and matters of public record and consider such facts in a Rule 12(b)(6) motion without converting it to a motion for summary judgment.); ECF No. 12-1. Further, this Court can take judicial notice that Lime an American Cantina was the registered tradename for Limemark, LLC *not* Lime Champa. ECF No. 12-3.

Even taking Plaintiffs' allegations as true, Lime Champa cannot be liable for alleged images of Plaintiffs which, on their face, were posted before it was even

formed. To the extent that Plaintiffs' claims against Lime Champa are based on (i) images advertising Lime an American Cantina; or (ii) images posted on social media prior to Lime Champa's formation on September 29, 2023, they fail as a matter of law and must be dismissed with prejudice.

**E. Each of Crespo's Claims Must be Dismissed with Prejudice.**

Crespo asserts claims against Lime Champa, which was formed on September 29, 2023, based on a lone alleged picture of her posted by nonparty "2 Slikk" on Facebook on March 5, 2020 with information on a party at Lime an American Cantina:




*See* ECF No. 1-1, Ex. H, p 60; *accord* ECF No. 12-1. Crespo does not allege which of the two women in the picture she purports to be. As illustrated on the face of the picture attached to the Complaint and as pleaded therein, this picture was posted on Facebook more than six years ago and more than three years before Lime Champa was formed, by nonparty "2 Slikk", advertising an entity other than Lime Champa. ECF No. 1-1, p. 60. Crespo's claims are barred by the applicable limitations periods. *See* C.R.S. § 13-80-102(1)(a); *accord* C.R.S. § 13-80-101(1)(c). She has not and cannot state a plausible claim for relief against Lime Champa and her claims must be

dismissed with prejudice.

**F. The Claims of Rao and Bartlett for Misappropriation of Likeness and Negligence Must Be Dismissed with Prejudice.**

The sole alleged image of Bartlett attached to the Complaint, also fails to identify which of the two individuals depicted is allegedly Bartlett and, on its face, indicates that the image was posted by Lime an American Cantina on October 19 and 24, 2023, more than two years prior to the filing of the Complaint. *See* ECF No. 1-1, pp. 62-65; *accord* ECF No. 1; *see also* ECF No. 12-5.

Rao's claims are also based on alleged images posted more than two years before the Complaint was filed by Lime an American Cantina depicting multiple individuals without any allegations as to which of these individuals Rao purports to be. ECF No. 1-1, Ex. D, pp. 31-40; ECF No. 12-6.

As such, Bartlett and Rao's claims for misappropriation of likeness and negligence are time barred and must be dismissed with prejudice. *See* C.R.S. § 13-80-102(1)(a); *Harper*, 2022 WL 4103295, at *4. Further, this Court should follow the *Full Draw* reasoning and apply the "most analogous" two year limitations period for misappropriation of likeness to bar the Lanham Act claims asserted by Rao and Bartlett. *See* ECF No. 12-5 and 12-6.

**G. Plaintiffs' Have Not Stated Plausible Claims for Relief Under the Lanham Act or for Misappropriation of Likeness.**

Plaintiffs falsely claim that "*each Plaintiff identifies herself as the individual depicted in the corresponding* exhibit." ECF No. 15, pp. 10-11. But the images in the corresponding exhibits depict multiple individuals. ECF No. 1-1. None of the nine Plaintiffs pleads *which* of the individuals depicted in these images she claims to be. *See* ECF No. 1. Plaintiffs' claims under the Lanham Act and for misappropriation of likeness necessarily require them to plausibly plead the use of another's likeness. *See Bimbo Bakeries USA, Inc. v. Sycamore*, 29 F.4th 630, 643-44 (10th Cir. 2022) (false association); *In re HomeAdvisor, Inc. Litig.*, No. 16-CV-01849-PAB-KAS, 2024 WL 4187099, at *11 (D. Colo. Sept. 13, 2024) (false advertising); *Joe Dickerson & Assocs., LLC v. Dittmar*, 34 P.3d 995, 997 (Colo. 2001) (misappropriation of likeness). Attaching a slew of images depicting multiple individuals and alleging that the Plaintiffs are one of them does not rise to the level of plausible pleading.

The majority of the images on which Plaintiffs' claims are based – and which they assert should be taken at face value - are for Lime an American Cantina, *not* Lime Champa, and pre-date the formation of Lime Champa. *See* ECF No. 1-1; *accord* ECF No. 12-1. Many of the images – again, taken at face value based on Plaintiffs' attachments to the Complaint – were posted more than two years ago, barring any claims for misappropriation of likeness or negligence based on the same. *See* C.R.S. § 13-80-102(1)(a).

Plaintiffs argue that the low number of "likes" on the images is not indicative of harm or the likelihood of confusion, but fail to plausibly plead the actual harm they have suffered, instead relying on generic claims of harm to their collective professional reputations and, unspecified by Plaintiff or event, lost licensing opportunities. ECF No. 15, p. 11. Again, taken at face value, the images attached to the Complaint illustrate only a small number of people saw the alleged images. ECF No. 1-1.

Plaintiffs concede that the Complaint sets forth a formulaic recitation of the elements of their collective claims for relief. *See* ECF No. 15, p. 9-13. But alleging the elements of their claims in lump sum on behalf of nine Plaintiffs does not equate to plausibly stating a claim for relief as to any of them, much less all of them. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)

**H. Plaintiffs' Claims for Negligence Also Fails.**

To the extent that Plaintiffs' negligence claim is not barred by the applicable limitations period, Plaintiffs' claim that Lime Champa's arguments that it owed Plaintiffs no duty of care, and that Plaintiffs have not properly alleged physical injury or property damage in support of their negligence claims is "more appropriately addressed after discovery" emphasizes Plaintiffs' failure to plausibly plead this claim. ECF No. 15, pp. 12-13. "A negligence claim fails where the law does not impose a duty on the defendant to act for the plaintiff's benefit." *Hickey v. Nat'l Ass'n of Letter*

*Carriers*, No. 1:20-CV-00358-STV, 2021 WL 2389904, at *5 (D. Colo. May 21, 2021), *aff'd sub nom. Hickey v. Nat'l Ass'n of Letter Carriers, AFL-CIO*, No. 21-1213, 2022 WL 3584190 (10th Cir. Aug. 22, 2022) (citation omitted). Plaintiffs do not and cannot cite to a single case establishing that Lime Champa owed *each of them* a legal duty, an essential element of a claim for negligence, and a question of law to be determined by the Court. *Id*. Plaintiffs' claim for negligence should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above and in its Motion [ECF No. 12], Defendant Lime Champa, LLC respectfully requests that this Court dismiss each of Plaintiffs' claims for relief with prejudice, given the parties' conferral, Plaintiffs' "plug and play" shotgun pleadings, and the statutory bars to Plaintiffs' claims. To the extent that this Court does not dismiss Plaintiffs' claims in their entirety and with prejudice, Lime Champa requests that this Court limit Plaintiffs' respective rights to amend, including based on applicable limitations periods, and otherwise require them to comply with Fed. R. Civ. P. 8, 9(b), and 12(e).

Lime Champa further requests this Court award it the costs and fees it has incurred in defending against the claims asserted by the Plaintiffs, or any of them, as permitted by statute or other applicable law, and for such other and further relief as this Court deems just and proper.

**CERTIFICATION OF NO AI USAGE**

Undersigned counsel certifies that no portion of this filing, or of the filing of Defendant Lime Champa LLC's Motion to Dismiss or, in the Alternative, for a More Definite Statement [ECF No. 12] was drafted by AI.

Respectfully submitted this 14th day of July, 2026.

BUCHALTER LLP

*s/ Cara Thornton*

Cara Thornton, CO Bar #34141
1099 18th Street, Suite 1900
Denver, CO 80202
(303) 927-3034
cthornton@buchalter.com
*Attorney for Defendant Lime Champa, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2026, that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Cara Thornton*
Buchalter LLP